**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONTE DARRELL PARRISH,** | : | **No. 1:24cv670** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Latella)** |
| **MIKE MULDROW,** *et al.* | : | |
| **Defendants** | : | |

**ORDER**

Before the court is a Report and Recommendation ("R&R") from

Magistrate Judge Leo A. Latella regarding two motions to dismiss Plaintiff Donte

Darrell Parrish's *pro se* civil rights complaint. (Doc. 41). Parrish proceeds

pursuant to 42 U.S.C. § 1983 against Defendants Mike Muldrow, the York city

police commissioner, and Jennifer Clancy, a state magisterial district court

judge.[1] (Doc. 1, Compl).

By way of brief background, Parrish alleges that Defendant Muldrow called

Defendant Clancy prior to the plaintiff's arraignment on April 19, 2022 for firearms

offenses. According to the complaint, Muldrow instructed Clancy to deny plaintiff

bail, telling the magisterial district court judge that the plaintiff was going to shoot

someone. Id. at p. 2–3. Defendant Clancy then denied plaintiff bail. Id.

---

[1] Parrish also filed suit against Defendant York County, but there is no indication, to date, that this defendant has been served.

Based on these allegations, Parrish's complaint includes a claim for violation of his Eighth Amendment right to be free from excessive bail as well as claims for violation of his due process and equal protection rights. Id.  Plaintiff's complaint also includes a claim for civil conspiracy as well as state law claims for negligence and intentional infliction of emotional distress. Id. at 3.  In response to the complaint, Defendants Muldrow and Clancy filed separate motions to dismiss. (Docs. 22, 25).  This matter was then referred to Magistrate Judge Latella for the issuance of an R&R.

The R&R recommends that both motions to dismiss be granted.  As to Defendant Clancy, the state magisterial district court judge, the R&R recommends dismissal with prejudice due to Eleventh Amendment immunity for claims in her official capacity and judicial immunity for claims in her individual capacity. (Doc. 41 at 11–23).

As to Defendant Muldrow, the York police commissioner, the R&R makes several recommendations. Id. at 23–35.  First, Magistrate Judge Latella concludes that Defendant Muldrow enjoys qualified immunity regarding any Eighth Amendment claim for interference with Parrish's right to bail.  Id. at 29–35. Thus, the R&R recommends dismissal of that claim with prejudice. Second, the R&R concludes that the complaint fails to allege facts to support plausible claims for violation of Parrish's due process and equal protection rights or for civil

2

conspiracy. Id. at 30–34.  The R&R reaches a similar conclusion regarding the

ostensible state law claims. Id. at 34–35.  Lastly, the R&R recommends that

Parrish be provided leave to file an amended complaint regarding all claims

asserted against Defendant Muldrow with the exception of the Eighth

Amendment claim. Id. at 35–36.

Pursuant to the Rules of Court for the Middle District of Pennsylvania, the

parties had fourteen (14) days to object to the R&R.  M.D.PA. L.R. 72.3.  No

objections to the R&R have been filed and the time for such filing has passed.  In

deciding whether to adopt an R&R when no timely objections are filed, the court

must determine if a review of the record evidences plain error or manifest

injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on

the face of the record to accept the recommendation"); see also 28 U.S.C. §

636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court thus finds neither clear error on the face of the

record nor a manifest injustice in Magistrate Judge Latella's analysis, and

therefore, the court will accept the R&R and adopt it in its entirety.  Plaintiff is

further advised that the failure to file an amended complaint within the period

provided by the court will result in dismissal of the claims against Defendant

Muldrow with prejudice for failure to comply with a court order and failure to prosecute this case.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 41), is **ADOPTED**;

2) Defendant Clancy's motion to dismiss, (Doc. 22), is **GRANTED** and the claims asserted against her are **DISMISSED** with prejudice;

3) Defendant Muldrow's motion to dismiss, (Doc. 25), is **GRANTED**;

4) Plaintiff's Eighth Amendment bail claim against Defendant Muldrow is **DISMISSED** with prejudice;

5) Plaintiff's remaining claims against Defendant Muldrow are **DISMISSED** without prejudice to the plaintiff filing an amended complaint so long as it complies with Rule 8 of the Federal Rules of Civil Procedure and addresses the deficiencies identified in the R&R;

6) Plaintiff shall file any amended complaint within thirty (30) days of the date of this order; and

7) If plaintiff fails to file an amended complaint, the court will dismiss the remaining claims against Defendant Muldrow with prejudice.

**Date: 08/13/2025**                    **BY THE COURT:**


                                        **_s/ Julia K. Munley_**
                                        **JUDGE JULIA K. MUNLEY**
                                        **United States District Court**